UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES W.,

                                        Plaintiff,

v.                                                      6:21-cv-01190 (TWD)


COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

APPEARANCES:                            OF COUNSEL:

JAMES W.
Plaintiff, *pro se*
PO Box 126
Westmoreland, NY 13490

U.S. SOCIAL SECURITY ADMIN.             RONALD W. MAKAWA
OFFICE OF THE GENERAL COUNSEL           Special Assistant U.S. Attorney
Counsel for Defendant
JFK Federal Building, Room 625
Boston, MA 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

Currently before the Court, in this action filed by James W. ("Plaintiff") seeking judicial

review of a final decision of the Commissioner of Social Security ("Defendant" or the

"Commissioner") pursuant to 42 U.S.C. § 405(g), is Defendant's unopposed motion to dismiss

based upon *pro se* Plaintiff's failure to prosecute.  (Dkt. No. 15.)  For reasons discussed below,

the motion is granted.[1]

_____

[1]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a
Magistrate Judge.  (Dkt. Nos. 5, 6.)

## I.     PROCEEDINGS TO DATE

On November 1, 2021, Plaintiff commenced this action by filing a complaint, along with an application to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 3.)  The Clerk provided Plaintiff with a copy of the Court's *Pro Se* Handbook, Local Rules, and Notice, along with General Order 18, which sets forth the procedures to be followed when appealing a denial of Social Security benefits.  (Dkt. Nos. 4, 5.)  On November 2, 2021, the Court granted Plaintiff's IFP application.  (Dkt. No. 9.)

On January 31, 2012, the Commissioner filed the Certified Administrative Record and Transcript ("Record") and served the Record on Plaintiff as directed by the Court.  (Dkt. Nos. 10, 11.)  As such, Plaintiff's brief was due by March 17, 2022.  (*See* Dkt. Nos. 10, 12.)

When Plaintiff's brief was not received by the due date, the Court issued a Text Order on March 21, 2022, which *sua sponte* extended Plaintiff's deadline to file his brief to April 22, 2022.  (Dkt. No. 13.)  Plaintiff was advised that his failure to submit a brief may result in consideration of the Record without Plaintiff's arguments and further warned this action may be dismissed with prejudice for failure to prosecute.  *Id.*

Thereafter, when Plaintiff again did not file his brief by the extended deadline as directed, the Court issued a Text Order directing Defendant to file a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and General Order 18.  (Dkt. No. 14.)

On April 29, 2022, Defendant filed the pending motion to dismiss based on Plaintiff's failure to prosecute this action.  (Dkt. No. 15.)  Plaintiff was directed to file his response to Defendant's motion by May 20, 2022, and was warned that his failure to respond would result in dismissal of the action.  (Dkt. No. 16.)  To date, Plaintiff had not filed anything or otherwise communicated with the Court.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).  Courts have also recognized that Rule 41(b) does not abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  However, "[d]ismissal is a harsh remedy and is appropriate only in extreme situations," and "district courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant."  *Saundvallee B. v. Berryhill*, No. 5:17-CV-0867, 2019 WL 2210595, at *1 (N.D.N.Y. May 22, 2019) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

It is also well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).  In Social Security cases, General Order 18, under the heading "**NOTIFICATION OF THE CONSEQUENCES OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPH C.(1)(A-D)**" (emphasis in original), provides that an "[a]ction may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief."  (Dkt. No. 5.)

A court considering a Rule 41(b) dismissal must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing

> of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535 (citations omitted).  No singular factor is dispositive.  *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994).

First, Plaintiff has taken no action in this case beyond filing the complaint on November 1, 2021.  His brief was initially due by March 17, 2022, four months ago.  Nonetheless, he did not file a motion.  The Court then extended the deadline to April 22, 2022.  Again, Plaintiff did not file anything.  Nor has Plaintiff responded to the pending motion to dismiss, and the time to do so has passed.  Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  L.R. 41.2(a).  Accordingly, the first factor weighs in favor of dismissal.  *See, e.g.*, *Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure to prosecute where "[t]he record reveal[ed] that, beyond filing his complaint . . .  [plaintiff] took no action to prosecute his case"); *see also Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing under Rule 41(b) where "plaintiff has failed to take any steps to prosecute this action for at least three months").

Second, Plaintiff was warned that his failure to file a brief and/or respond to the pending motion would result in dismissal of the action with prejudice.  (Dkt. Nos. 13, 16.)  "The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met."  *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape,*

*Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal.").  Thus, the second factor weighs in favor of dismissal.

Third, "while the prejudice to [D]efendant and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'"  *Rozell v. Berryhill*, No. 18-CV-969, 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)); *see also Lomack v. Comm'r of Soc. Sec.*, No. 18-CV-6083, 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019) ("The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.").  Nothing of substance has been completed in this case since the filing of the Record on January 31, 2022. *See Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a [p]laintiff has become inaccessible for months at a time, courts presume prejudice.") (citations omitted); *see also Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (finding "calendar congestion" outweighs a plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard). Moreover, Plaintiff has failed repeatedly to respond to Court orders or otherwise indicate that he intends to prosecute this case.

Fourth, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context." *Mannan v. Soc. Sec. Admin.*, No. 17-CV-6800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020).  Plaintiff has yet to participate in the Court-ordered briefing, or otherwise indicate that he intends to prosecute this case.  Defendant has moved to dismiss, and Plaintiff failed to respond.  *See, e.g., Idlet v. Comm'r of Soc. Sec.*, No. 18-CV-05183, 2020 WL 3403108,

at *6 (E.D.N.Y. June 19, 2020) (finding the plaintiff's inaction had "unnecessarily burdened the court's work by requiring the court to continually monitor the docket and order plaintiff to prosecute the case").  It is the need to monitor and manage cases such as this when one party refuses to participate that delays the resolution of other cases, and that contributes to the Second Circuit's relatively long median time to disposition for Social Security cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal of Plaintiff's complaint and finds them to be inadequate under the circumstances.  *See Smith v. Human Res. Admin. of N.Y.C.*, No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case [because] [c]ourt orders and direction have not prompted plaintiff to move her case forward.").  Additionally, Plaintiff is proceeding IFP, therefore "rendering monetary sanctions inappropriate."  *Id.*

In sum, the Court has given Plaintiff opportunities to be heard and pursue his Social Security appeal, but he has refused to prosecute this action and respond to the Court's Orders. Therefore, after carefully considering the foregoing factors, the Court finds dismissal of Plaintiff's complaint with prejudice is warranted.

**WHEREFORE**, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 15) is **GRANTED**, Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).  The Clerk of the Court is directed to enter judgment for Defendant and close this action.

**IT IS SO ORDERED.**

Dated: July 18, 2022
      Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

1996 WL 481534

1996 WL 481534
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,

v.

Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See*

*Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, *1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**Freeman v. Lundrigan, Not Reported in F.Supp. (1996)**

Case 6:21-cv-01190-TWD   Document 17   Filed 07/18/22   Page 9 of 36

1996 WL 481534

**\*2**  IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Saundvallee B. v. Berryhill, Not Reported in Fed. Supp. (2019)

2019 WL 2210595

2019 WL 2210595
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

SAUNDVALLEE B., Plaintiff,

v.

Nancy A. BERRYHILL, Acting
Commissioner of Social Security, Defendant.

5:17-CV-0867 (LEK)
|
Signed 05/22/2019

**Attorneys and Law Firms**

Saundvallee Bullock, Syracuse, NY, pro se.

Fergus J. Kaiser, Heetano Shamsoondar, Social Security
Administration Office of Regional General Counsel, New
York, NY, for Defendant.

### DECISION AND ORDER

Lawrence E. Kahn, U.S. District Judge

### I. BACKGROUND

 *1 On August 8, 2017, pro se plaintiff Saundvallee B. filed a
complaint under 41 U.S.C. § 405(g) against defendant Social
Security Commissioner, as well an application to proceed
in forma pauperis ("IFP"). Dkt. Nos. 1 ("Complaint"), 3
("IFP Application"). On August 10, 2017, the Court granted
Plaintiff's IFP Application. Dkt No. 6 ("August 2017 Order").
On December 18, 2017, Defendant filed the Social Security
Administrative Record and Transcript, and the Court set a
February 1, 2018 due date for Plaintiff's brief. Dkt. No. 12
("Record"). On February 2, 2018, Plaintiff requested a two-
month extension to file his brief, Dkt. No. 15 ("Plaintiff's
First Extension Request"), which the Court granted in part,
extending the deadline to March 23, 2018, Dkt. No. 16
("February 2018 Text Order"). On March 23, 2018, the Court
granted Plaintiff's request for another two-month extension.
Dkt. Nos. 17 ("Plaintiff's Second Extension Request"), 18
("March 2018 Text Order"). When Plaintiff had not filed
his brief by May 30, 2018, the Court issued a text order
instructing Defendant to file her brief within sixty days,
notifying Plaintiff that he would have thirty days after service
of Defendant's brief to file a brief in support of his position
should he choose to do so, and warning Plaintiff that "his

continued inaction in this matter could result in the Court
dismissing his case." Dkt. No. 19 ("May 2018 Text Order")
(citing Fed. R. Civ. P. 41(b) and Local Rule 41.2(a)). After the
Court granted Defendant a thirty-day extension, Dkt No. 21
("July 2018 Text Order"), Defendant filed her brief on August
28, 2018. Dkt. No. 22 ("Defendant's Brief"). Plaintiff did not
submit a response and has taken no further action in this case.
Docket.

### II. LEGAL STANDARD

"A District Court may, sua sponte, dismiss an action for lack
of prosecution." Lukenson v. Harley Cars of N.Y., 124 F.R.D.
64, 66 (S.D.N.Y. 1989); see also Harding v. Fed. Reserve
Bank of N.Y., 707 F.2d 46, 50 (2d Cir. 1983) ("[D]ismissal
pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution
or for failure to comply with an order of the court is a
matter committed to the discretion of the district court.").
"[D]ismissal is a harsh remedy and is appropriate only in
extreme situations," and "district courts should be especially
hesitant to dismiss for procedural deficiencies where ... the
failure is by a pro se litigant." Lucas v. Miles, 84 F.3d 532,
535 (2d Cir. 1996).

When considering a dismissal for failure to prosecute under
Rule 41(b), the Court must consider five factors:

"(1) the duration of the plaintiff's failure to comply with
the court order, (2) whether plaintiff was on notice that
failure to comply would result in dismissal, (3) whether the
defendants are likely to be prejudiced by further delay in
the proceedings, (4) a balancing of the court's interest in
managing its docket with the plaintiff's interest in receiving
a fair chance to be heard, and (5) whether the judge
has adequately considered a sanction less drastic than
dismissal."

 *2 Id. No one factor is dispositive. LeSane v. Hall's Sec.
Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

### III. DISCUSSION

The first factor favors dismissal because Plaintiff has taken no
action on this case since filing his second extension request
in March 2018, a failure to prosecute of significant duration.
See Jiminez v. Astrue, No. 09-CV-50S, 2010 WL 419982,
at *2 (W.D.N.Y. Jan. 29, 2010) ("Six months is a failure
of significant duration."); Lopez v. Catholic Charities of
Archdiocese of N.Y., No. 00-CV-1247, 2001 WL 50896, at *3
(S.D.N.Y. Jan. 22, 2001) (dismissing under Rule 41(b) where

Saundvallee B. v. Berryhill, Not Reported in Fed. Supp. (2019)

2019 WL 2210595

"plaintiff has failed to take any steps to prosecute this action for at least three months"); see also N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

The second factor favors dismissal because the May 2018 Text Order put Plaintiff on notice that failure to file his brief could result in dismissal. The third factor also favors dismissal because, unlike cases of moderate or excusable delay in which there is a need to show actual prejudice, Plaintiff's year of unexplained inaction is presumed to prejudice Defendant. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal citations omitted). The fourth factor, in contrast, favors Plaintiff because "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas, 84 F.3d at 535–36. There is no evidence of such an "extreme effect" in this case.

Finally, the Court has considered lesser sanctions and concluded, based on Plaintiff's apparent disinterest in pursuing his case, that they would be ineffective. See Smith v. Human Res. Admin. of N.Y.C., No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case [because] [c]ourt orders and direction have not prompted plaintiff to move her case forward."). Additionally, Plaintiff is proceeding IFP, "rendering monetary sanctions inappropriate." Id. The Court has also considered deciding the merits of the appeal in the absence of Plaintiff's brief as the Second Circuit has indicated that, at least in the summary judgment context where a plaintiff fails to respond to a defendant's statement of material facts, "resolutions on summary judgment ... are generally to be preferred to dismissals under Rule 41(b)." LeSane, 239 F.3d at 211. In LeSane, however, the plaintiff prosecuted the case for over a year before failing to comply with the court's order to respond to the defendant's statement of material facts. Id. at 210. In contrast, dismissal is appropriate here because Plaintiff has taken almost no action since filing his Complaint, and has provided no guidance—in the Complaint or elsewhere—as to the grounds on which he appeals. See Ortega v. Apfel, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal under Rule 41(b) where "[t]he record reveals that, beyond filing his complaint ... [plaintiff] took no action to prosecute his case."); see also Rivera v. Comm'r of Soc. Sec. Admin., No. 16-CV-2316, 2017 WL 1683660, at *2 (N.D. Ohio Apr. 11, 2017), report and recommendation adopted sub nom. Rivera v. Comm'r of Soc. Sec., No. 16-CV-2316, 2017 WL 1649825 (N.D. Ohio May 2, 2017) (dismissing complaint against Commissioner of Social Security under Rule 41(b) because plaintiff failed to file brief on the merits).

*3 The balance of the five factors indicates that this action should be dismissed. See Lopez, 2001 WL 50896, at *6 (dismissing under Rule 41(b) where, like here, all factors except court congestion favored dismissal).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED** for failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order upon the parties in this action in accordance with the Local Rules.

**IT IS SO ORDERED.**

## All Citations

Not Reported in Fed. Supp., 2019 WL 2210595

2001 WL 50896
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Wilfredo LOPEZ, Plaintiff,

v.

CATHOLIC CHARITIES OF THE
ARCHDIOCESE OF NEW YORK, Defendant.

No. 00 Civ. 1247(AGS).
|
Jan. 22, 2001.

*MEMORANDUM ORDER*

SCHWARTZ, J.

**\*1** Defendant Catholic Charities of the Archdiocese of New York moves the court for an order, pursuant to Fed.R.Civ.P. 41(b), dismissing the Complaint in its entirety. In the alternative, defendant seeks an order, pursuant to Fed.R.Civ.P. 37, precluding plaintiff from introducing certain evidence at trial, calling any witnesses at trial, or amending the Complaint. For the reasons set forth below, defendant's motion to dismiss for failure to prosecute is granted.

I. BACKGROUND [1]

[1] Plaintiff has not responded to this motion. Accordingly, for purposes of this motion, the Court accepts as true the facts asserted by defendant.

Wilfredo Lopez, proceeding *pro se,* filed the Complaint on February 18, 2000. He alleges that defendant discriminated against him on the basis of national origin. (Aff. of Christopher B. Hitchcock dated Dec. 12, 2000 ("Hitchcock Aff.") ¶ 4 and Ex. A.) Defendant answered on April 5, 2000. (*Id.* ¶ 5 and Ex. B.) At an April 10, 2000 pretrial conference, the Court set a discovery schedule requiring the parties to serve requests for production of documents by April 24, 2000. The parties were to respond to requests for production by May 15, 2000. Depositions were to be completed by June 30, 2000. (*Id.* ¶ 6.) Defendant served its First Request for Production of Documents (the "First Request") on April 21, 2000. (*Id.* ¶ 7 and Ex. C.) At a May 5, 2000 pretrial conference, the Court allowed Mr. Lopez until May 31, 2000 to respond to the First Request. (*Id.* ¶ 8.) On May 26, 2000, Mr. Lopez served a response to the First Request. (*Id.* ¶ 9 and Ex. D.) Defendant

asserts that Mr. Lopez's response is deficient because it asserted improper objections, refused to produce documents, referred defendant to the Complaint in lieu of production, and produced only those documents already attached to the Complaint. (*Id.*) On June 5, 2000, defendant served its First Request for Interrogatories (the "First Interrogatories"). (*Id.* ¶ 10 and Ex. E.)

On June 15, 2000, defendant wrote to Mr. Lopez, asserting, among other things, that his response to the First Request was "improper, incomplete and would require supplementation." (*Id.* ¶ 11 and Ex. F.) Plaintiff did not respond. (*Id.*) On August 3, 2000, defendant again wrote to Mr. Lopez, requesting a supplemental response to the First Request and a response to the First Interrogatories. (*Id.* ¶ 12 and Ex. G.) The August 3, 2000 letter also requested that Mr. Lopez's newly retained counsel, who had called defendant, confirm in writing that he had been retained by Mr. Lopez. (*Id.*) On August 9, 2000, plaintiff sent a letter to defendant counsel and asserted that, "[t]he interrogatories will be forwarded to you shortly." (*Id.* ¶ 13 and Ex. H.) On August 15, 2000, defendant wrote to plaintiff, stating again that the response to the First Request was insufficient and that a supplemental response was required. (*Id.* ¶ 14 and Ex. I.) Plaintiff never responded. (*Id.* ¶ 14.) On August 23, 2000, defendant wrote to the Court, requesting that the Court address the discovery issues at the pretrial conference scheduled for that date. (*Id.* ¶ 15 and Ex. J.) During the August 23, 2000 pretrial conference, the Court addressed the issues raised by defendant. The Court told the parties to proceed with discovery on the assumption that discovery should be mostly, if not fully, completed by the next pretrial conference, scheduled for October 17, 2000. (*Id.* ¶ 16 .) The Court also instructed plaintiff to draft an amended complaint and submit it to defendant for review; if there were no objections, the amended complaint would be filed. (*Id.*)

**\*2** On October 3, 2000, defendant again wrote to plaintiff seeking the outstanding discovery and the proposed amended complaint. (*Id.* ¶ 17 and Ex. K.) On October 12, 2000, plaintiff wrote to defendant and stated that plaintiff would respond to defendant's request "shortly." (*Id.* ¶ 18 and Ex. L.) On October 13, 2000, defendant again wrote to plaintiff seeking the outstanding discovery and the proposed amended complaint. (*Id.* ¶ 19 and Ex. M.) The October 13, 2000 letter states that continued delay by plaintiff would result in an application to the Court. (*Id.* Ex. M.) On October 16, 2000, defendant wrote to the Court, requesting that the Court address the discovery issues and the amended complaint at

the October 17, 2000 pretrial conference. (*Id.* ¶ 20 and Ex. N.) The October 17, 2000 pretrial conference was adjourned until October 25, 2000 in response to a request by plaintiff. (*Id.* ¶ 20.) On October 23, 2000, defendant again wrote to the Court regarding plaintiff's failure to provide the outstanding discovery or the proposed amended complaint. (*Id.* ¶ 21 and Ex. O.) Defendant requested that the October 25, 2000 pretrial conference also serve as a pre-motion conference. (*Id.* ¶ 21.) At the October 25, 2000 pretrial conference, which plaintiff did not attend, the Court authorized defendant to move to preclude plaintiff from offering certain evidence at trial. On October 27, 2000, defendant wrote to plaintiff, informing plaintiff of the proceedings at the October 25, 2000 pretrial conference and of defendant's intention to move to preclude. (*Id.* ¶ 22 and Ex. P.) Plaintiff did not respond. (*Id.* ¶ 22.) On November 3, 2000, defendant served a motion to preclude plaintiff from offering certain evidence at trial, or, in the alternative, to compel plaintiff to provide outstanding discovery. (*Id.* ¶ 23.) Plaintiff did not oppose the motion.

By Memorandum Order dated November 17, 2000, the Court denied defendant's motion to preclude, but granted defendant's motion to compel discovery. 2000 WL 1725029 (Nov. 20, 2000). The Court ordered that, no later than December 8, 2000, plaintiff was to answer the First Interrogatories, produce any non-privileged documents responsive to the First Request, and provide defendant with a copy of the proposed amended complaint. *Id.* at *3– *4. In the event that plaintiff failed to comply with the Court's order, the Court authorized defendant to renew its motion to preclude on or after December 11, 2000. *Id.* at *4. The Court held another pretrial conference in this matter on November 20, 2000. Yet again, plaintiff did not appear. The Court instructed defendant to serve plaintiff with a copy of the November 17 Memorandum Order. Defendant did so by letter dated November 27, 2000. (Hitchcock Aff. ¶ 25.) Plaintiff never complied with the November 17 Memorandum Order. (*Id.*)

On December 12, 2000, defendant served the instant motion by mail and filed a copy with the Court. (Letter from Christopher B. Hitchcock to the Court dated December 21, 2000.) Defendant mailed the service copy of its motion to the address listed on the letterhead of Mr. Lopez's counsel. However, the service copy of the motion was returned to defendant unopened. This was the first time that any correspondence to plaintiff had been returned to defendant. (*Id.*) Defendant sent a letter to Mr. Lopez's counsel by facsimile, informing him that the motion had been returned

and asking for his current mailing address. (*Id.* and exhibits thereto.) The facsimile confirmation report indicates that the letter was successfully transmitted to the number listed on the letterhead of Mr. Lopez's counsel. (*Id.* and exhibits thereto.) Nonetheless, plaintiff never responded. (*Id.*) On January 2, 2001, defendant sent a copy of the instant motion by facsimile to Mr. Lopez. (Letter from Christopher B. Hitchcock to the Court dated January 4, 2001.) Plaintiff never responded.

## II. DISCUSSION

**\*3** Rule 41(b) provides, in relevant part, that, "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action...." Fed.R.Civ.P. 41(b). The Second Circuit has stated that "[i]nvoluntary dismissal for plaintiff's failure to prosecute is a matter committed to the discretion of the trial court by Rule 41(b).... However, dismissal is a harsh remedy to be utilized only in extreme circumstances." *Colon v. Mack,* 56 F.3d 5, 7 (2d Cir.1995) (internal quotations and citations omitted).

In deciding a motion under Rule 41(b), a court must consider five factors: (i) the duration of the plaintiff's failures; (ii) whether plaintiff received notice that further delay would result in dismissal; (iii) whether the defendant is likely to be prejudiced by further delay; (iv) the balance between alleviating court calendar congestion and the plaintiff's due process rights; and (v) the efficacy of lesser sanctions. *E.g.* *LeSane v. Hall's Security Analyst, Inc.,* No. 99–9421, 2001 WL 10324, at *1 (2d Cir. Jan. 4, 2001). None of the five factors is, by itself, dispositive. *Id.* at *2.

### A. Duration of Plaintiff's Failures
Plaintiff has consistently failed to comply with the Court's orders. First, plaintiff has failed to comply with the Court's order to serve defendant with the proposed amended complaint for nearly five months. During an August 25, 2000 pretrial conference, the Court instructed plaintiff to provide his proposed amended complaint to defendant. Plaintiff still has not done so. The Court warned in its November 17, 2000 Memorandum Order that failure to serve the proposed amended complaint by December 8, 2000 would result in a denial of plaintiff's request to amend. 2000 WL 1725029, at *4. Still, plaintiff has not even offered an explanation for his failure to comply with the Court's directives. Next, plaintiff has failed to comply with the Court's scheduling orders by not attending pretrial conferences for approximately three

months. Although the Court adjourned the pretrial conference scheduled for October 17, 2000 at plaintiff's request, plaintiff did not attend the rescheduled conference on October 25, 2000. Nor did plaintiff offer any explanation for this failure to appear before the Court. Plaintiff also failed to attend a pretrial conference on November 20, 2000. Again, no explanation was ever offered. Lastly, plaintiff has failed for approximately six weeks to comply with the Court's order to provide discovery. In its November 17, 2000 Memorandum Order, the Court ordered plaintiff to provide certain discovery no later than December 8, 2000. 2000 WL 1725029, at *3–*4. Plaintiff has yet to provide such discovery, or even offer any explanation for this failure to comply with a court order.

In addition to disobeying the Court's orders, the record indicates that plaintiff has failed to take *any* steps to prosecute this action for at least three months. The last known action in this case by plaintiff was an October 12, 2000 letter from plaintiff to defendant claiming that the former would respond to the latter's discovery requests "shortly." (Hitchcock Aff. Ex. L.) Plaintiff has never done so. In fact, the record indicates that plaintiff has done nothing at all since October 12, 2000.

**\*4** Successful motions to dismiss for failure to prosecute typically involve longer delays than those present here, *see Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311(SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (collecting cases), but courts have granted such motions on delays of four months or less where circumstances warranted dismissal. *Id.* (collecting cases and dismissing case at bar for four month delay). There is no "magic number" of months required for dismissal under Rule 41(b). *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y.2000). The circumstances of this case warrant dismissal. Plaintiff has not just been dilatory or obstructionist these past several months; plaintiff has ceased to prosecute this action *at all.* Plaintiff has not attended conferences before the Court. Plaintiff has not complied with court orders. Plaintiff has not responded to motions. Plaintiff has not even answered correspondence seeking to ascertain counsel's correct mailing address. In short, plaintiff appears to have completely abandoned this action. Moreover, plaintiff has shown utter disrespect for the Court by failing to comply with court orders and by refusing to attend court conferences. Given these facts, the first factor favors dismissal. *See Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993) (despite short duration of delays, first factor supported dismissal where, among other things, plaintiff failed to comply with two court orders, showed lack of respect for court, and failed

to respond to defendant's letters and telephone calls); *see also Rosen,* 194 F.R.D. at 132 (Second Circuit has affirmed dismissals where party failed to comply with court orders and otherwise showed lack of respect for court). *Stonescu v. Jablonsky,* 162 F.R.D. 268, 271 (S.D.N.Y.1995) (failure to attend pretrial conferences favors dismissal under Rule 41(b)).

### B. Notice that Further Delays Will Result in Dismissal

The Court never specifically warned plaintiff that failure to prosecute this action could result in dismissal. However, courts in this District have held that a motion pursuant to Rule 41(b) (as opposed to a *sua sponte* dismissal by the court) provides the plaintiff with notice. *See Alevizopoulos,* 2000 WL 1677984, at *3; *Smith v. Human Res. Admin. of New York City,* No. 91 Civ. 2295(MGC), 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000); *Stonescu,* 162 F.R.D. at 271; *Rodriguez v. Walsh,* No. 92 Civ. 3398(PKL), 1994 WL 9688, at *2 (S.D.N.Y. Jan. 14, 1994); *Muhammad v. Neil,* No. 92 Civ. 1870(PKL), 1994 WL 9687, at *2 (S.D.N.Y. Jan. 14, 1994). While defendant was unable to serve a copy of its motion papers on plaintiff by mail, defendant did advise Mr. Lopez's counsel of the motion via facsimile. Had Mr. Lopez's counsel replied to defendant's facsimile, defendant would no doubt have served him with a full set of motion papers. Defendant also sent a copy of the motion papers to Mr. Lopez himself via facsimile. Accordingly, plaintiff received notice that his continued failure to prosecute this action could result in dismissal. This factor favors dismissal, then.

### C. Prejudice to Defendants

**\*5** The Second Circuit has held that "prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater. *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). Here there is evidence of actual prejudice. Beyond simply delaying the resolution of this action, plaintiff's complete inaction has cost defendant a significant amount of time and money. (Hitchcock Aff. ¶ 26.) Plaintiff's failure to provide any discovery (or even any objections to the First Interrogatories) has required defendant to make two otherwise unnecessary motions: one to compel plaintiff's participation in his own action, and one to preclude plaintiff from offering into evidence the discovery material he was ordered to produce but did not. Further inaction by plaintiff would require additional motion practice by defendant, which would necessitate

2001 WL 50896

additional expenditures of time and money. "Defendant[ ] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Alevizopoulos,* 2000 WL 1677984, at *3. Additional delay would also increase the likelihood that defendant's witnesses might become unavailable or experience diminished recollection of the events at issue. *See Peart,* 992 F.2d at 462. Accordingly, there is evidence of prejudice and the third factor favors dismissal.

### D. Balancing Court Congestion With Plaintiff's Due Process Rights

The Second Circuit has held that, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *LeSane,* 2001 WL 10324, at *3 (quoting *Lucas v. Miles,* 84 F.3d at 535–36 (2d Cir.1996)) (internal quotations omitted). Although plaintiff has wasted the Court's time by refusing to attend pretrial conferences, this case has not had "an extreme effect" on the Court's docket. Accordingly, this factor does not favor dismissal.

### E. Efficacy of Lesser Sanctions.

Lesser sanctions would not be effective here. Based on plaintiff's failure to comply with the Court's November 17, 2000 Memorandum Order, the Court could grant defendant's alternative request for relief, precluding plaintiff from: introducing any evidence at trial relating to plaintiff's physical or mental condition; introducing at trial any documents in his custody or control other than those annexed to his complaint; calling any witnesses at trial; or introducing at trial any documents relating to his claim for damages. However, such relief would still require defendant to either move for summary judgment or proceed to trial. Either option would require the expenditure of substantial amounts of time and money. This is not a situation where the Court could now decide the action on the merits. *See Lesane,* 2001 WL 10324, at *3 (where plaintiff fails to respond to summary judgment motion, it is preferable for a court to accept defendant's facts and grant summary judgment on the merits rather than dismiss for failure to prosecute). Thus, lesser sanctions would simply impose on defendant the burden of continuing to litigate an action that plaintiff appears to have abandoned completely. Accordingly, this factor favors dismissal.

**\*6** The balance of factors governing dismissals under Rule 41(b) clearly indicates that this action should be dismissed for failure to prosecute. Accordingly, it is not necessary for the Court to consider defendant's request for alternative relief.

### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 41(b) is granted. The Clerk of the Court is directed to close the file in this action.

SO ORDERED.

### All Citations

Not Reported in F.Supp.2d, 2001 WL 50896

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Distinguished by Keitt v. Doe, W.D.N.Y., December 5, 2013

2008 WL 1758644
United States District Court,
S.D. New York.

John NOLAN, Plaintiff,

v.

PRIMAGENCY, INC. et al., Defendants.

No. 07 Civ. 134(RJS).
|
April 16, 2008.

*MEMORANDUM AND ORDER*

RICHARD J. SULLIVAN, District Judge.

**\*1** On January 31, 2008, this Court issued an Order to Show Cause (the "OSC") *sua sponte,* directing counsel for plaintiff John Nolan, Mr. Louis A. Piccone, Esq., and counsel for defendants Primagency, Inc., Steven Lebetkin, and Conrad J. Isoldi ("Defendants"), Mr. Neil R. Flaum, Esq., to show cause why this case should not be dismissed and/or why sanctions and a finding of civil contempt on Mr. Piccone and/or Mr. Flaum should not issue given the failure of plaintiff to diligently prosecute this case, and the failure of the parties to follow Court orders. After counsel for plaintiff failed to appear on the return date of the OSC, the Court issued an order on March 3, 2008 imposing sanctions on the parties, but declining to dismiss the case, provided that the parties complied with the directives contained in that order. *See Nolan v. Primagency, Inc.,* No. 07 Civ. 134(RJS), 2008 WL 650387 (S .D.N.Y. Mar. 3, 2008) ("*Nolan I"* ). Plaintiff failed to comply with that order in each and every respect. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed with prejudice.

### I. BACKGROUND

The Court presumes the parties' familiarity with the facts relevant to this Order, which are recounted in detail in the OSC, as well as prior orders and transcripts in this matter, including *Nolan I.* However, certain facts post-date those orders and are recounted here.

The Court in *Nolan I* imposed civil contempt sanctions on Mr. Piccone and Mr. Flaum, in the amounts of $750.00 and $200.00, respectively. *See Nolan I* at *1-4. *Nolan I* also included the following directives:

> Additionally, Mr. Piccone has until March 17, 2008, to comply with the Court's November 1, 2008 and January 3, 2008 orders. This means that by March 17, 2008, Mr. Piccone must (1) properly file the Amended Complaint via the Court's electronic case system ("ECF"); (2) submit a courtesy copy of the Amended Complaint to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Defendants' counsel, Mr. Flaum, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Flaum, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. Mr. Piccone is also directed to forward a copy of this order to his client, plaintiff John Nolan and file proof of service electronically with the Court .... ***Failure to comply with this Order in any respect shall result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.***

*Nolan I,* 2008 WL 650387 at *3 (emphasis added). With regard to Mr. Flaum, *Nolan I* contained the following directives:

> In addition, Mr. Flaum is given a limited amount of time in which to comply with past orders. This means that Mr. Flaum must (1) properly

file an answer to the Amended Complaint via the Court's ECF system by April 7, 2008, assuming, of course, that the Amended Complaint has been filed as of March 17, 2008; (2) submit a courtesy copy of the Answer to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Plaintiff's counsel, Mr. Piccone, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Piccone, no later than March 17, 2008, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. If for some reason a joint letter is not possible, Mr. Flaum shall submit a status letter to the Court by March 17, 2008 explaining why the submission of a joint letter was not possible. Additionally, Mr. Flaum shall be present at the conference on Tuesday, April 8, 2008 at 10:30 a.m., and is also directed to forward a copy of this Order to his clients and file proof of service electronically with the Court. Failure to strictly comply with this order shall result in further sanctions.

*2 *Id.* at *4. The Court in *Nolan I* stated three separate times that the case would be dismissed if plaintiff failed to comply with any of these directives. *Id.* at *1-5.

Incredibly, as of April 8, 2008, as noted in the record on that day's conference, **the parties collectively had failed to comply with even one of the directives contained in *Nolan I.* (***See* Apr. 8 Tr. at 3.) Mr. Piccone admitted on the record that he had not complied with any of the directives in *Nolan I,* and that his failure to comply with *Nolan I* was due to personal issues that the Court does not recount here but are referenced, at least in part, in the transcript of the April 8, 2008 telephone conference. [1] (*See id.* at 3-4.) Mr. Flaum noted that although he had also "missed the boat" (*id.* at 8), he sent in payment

of the $200.00 sanction on April 7, 2008 and filed the status letter that day (*see id.*), 21 days after the deadline contained in *Nolan I.* [2] It is unclear whether Mr. Flaum ever forwarded a copy of *Nolan I* to his clients as directed, but it is certainly clear from the docket sheet in this case that Mr. Flaum failed to file the required proof of service. *See Nolan I,* 2008 WL 650387, at *4.

[1]    Mr. Piccone asserted on the record at the April 8, 2008 conference that he had in fact filed the amended complaint in November, 2007, and that he could submit proof demonstrating this fact. (*See* Transcript of April 8, 2008 Conference ("Apr. 8 Tr.") at 5-7.) While it may be true that Mr. Piccone did technically file a hard copy of the amended complaint in this matter, the amended complaint was never *properly* filed on ECF, because he never emailed the amended complaint to case_openings@nysd . uscourts.gov, pursuant to ECF procedure. As a result of his failure to do so, the amended complaint is not available on ECF. This is exactly what the Court sought to ameliorate when it ordered Mr. Piccone to "properly file" the amended complaint on ECF. *See Nolan I,* 2008 WL 650387, at *3. In any event, regardless of the extent of Mr. Piccone's non-compliance with this portion of *Nolan I,* this dismissal is based on plaintiff's counsel's failure to follow numerous other directives, as outlined in this and prior orders.

[2]    A letter from Mr. Flaum addressed to the Court and dated April 7, 2008 was received in Chambers on April 9, 2008, and contained a check payable to the Clerk of the Court in the amount of $200.00. That check was tendered to the cashier in the Clerk's office on April 9, 2008.

## II. DISCUSSION

### A. Legal Standard for Dismissal Pursuant to Rule 41(b)

Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d

37, 43 (2d Cir.1982). Dismissal pursuant to Rule 41(b) is committed to the discretion of the district court, and may be imposed *sua sponte*. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *LeSane,* 239 F.3d at 209. Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. *See Lyell Theatre,* 682 F.2d at 42-43.

Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996); *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633.

**\*3** The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535 (2d Cir.1996); *see also United States* ex rel. *Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Generally, no one factor is dispositive. *Shannon v.*

*Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)).

## B. Analysis

Weighing all of the above factors, the Court dismisses this case with prejudice pursuant to Rule 41(b).

### 1. Duration

The first element of the balancing test, the duration of plaintiffs failures, requires that the court consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (citing *Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998)); *see also United States* ex rel. *Drake,* 375 F.3d at 255. The court must also consider whether any of the delays are attributable to the defendant. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994).

Here, while the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not advanced in more than six months. *See Nolan I,* 2008 WL 650387, at *5. This period of delay is particularly significant given that, during that time, the action did not merely lie dormant, but the parties ignored and disobeyed multiple court orders designed to move the case along. The six-month period at issue here thus is of sufficient duration to weigh in favor of dismissal. *See Lyell Theatre Corp.,* 682 F.2d at 42-43 (noting that Rule 41 dismissal may be warranted "after merely a matter of months").

### 2. Notice

The second element to be considered is whether the plaintiff was on notice that further delay would result in dismissal of the case. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. *See Shannon,* 186 F .3d at 194-95.

The notice element strongly weighs in favor of dismissal of this case. Plaintiff was given notice of the Court's intent to

Nolan v. Primagency, Inc., Not Reported in F.Supp.2d (2008)
Case 6:21-cv-01190-TWD   Document 17   Filed 07/18/22   Page 19 of 36
2008 WL 1758644, 70 Fed.R.Serv.3d 397

dismiss the action in *Nolan I,* which stated *three times* that the action would be dismissed in the event of the plaintiffs failure to comply with its directives. *See Nolan I,* 2008 WL 650387, at *1-5. In addition, the OSC gave both parties an opportunity to submit papers and to appear in Court to contest dismissal. Plaintiff failed to submit papers in response to the OSC, or to appear on the return date, and failed to follow even one of the directives in *Nolan I.* Furthermore, the parties had previously been warned that the Court would consider sanctioning the parties for failure to comply with Court orders. (*See* Jan. 2, 2008 Order.) Finally, plaintiff himself appeared at the January 30, 2008 conference before the Court, and was informed of the Court's intention to issue the OSC and consider dismissing the case absent further action. (*See* Jan. 30, 2008 Tr. at 3-5.) Thus, because it is abundantly clear that the Court gave plaintiff notice of the impending dismissal of the case, the second element weighs in favor of dismissal.

### 3. Prejudice

**\*4** The third element requires that the Court consider the prejudice of further delay to the defendant. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). Where the delay is unreasonable, prejudice may be presumed as a matter of law. *Shannon,* 186 F.3d at 195 (citing *Lyell Theatre,* 682 F.2d at 43). This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Id.* However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre,* 682 F.2d at 43. "Although a court cannot deny a plaintiff the right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal 'there can be no claim by plaintiff that [its] due process rights have been denied.' " *Jacobs v. County of Westchester,* No. 99 Civ. 4976(WCC), 2008 WL 199469, at *6 (S.D.N.Y. Jan. 22, 2008) (quoting *Europacific Asset Mgmt. Corp. v. Tradescape Corp.,* 233 F.R.D. 344, 354 (S.D.N.Y.2005) (alteration in original)).

Defendants' counsel is to blame for at least some of the delay in this matter. Because of this, and because only six months have passed, the Court will not presume prejudice. While it is demonstrably unreasonable to fail to comply with court orders for six months, the unreasonable delay present in other cases in which courts presumed prejudice is absent here. *See Shannon,* 186 F.3d at 195 (finding presumption of prejudice because events at issue in lawsuit had taken place over a decade earlier); *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (citing potential for witness recollection to diminish or witness unavailability as the reason for a presumption of prejudice due to unreasonable delay); *Dodson,* 957 F.Supp. at 470 (S.D.N.Y.1997) (holding that dismissal was appropriate after a five-year delay because the court can presume that witnesses' "memories have faded" when eleven years have passed since the events giving rise to plaintiffs cause of action). Thus, the Court finds that the prejudice factor does not weigh in favor of dismissal.

### 4. Balancing the Court's and Plaintiff's Interests

With respect to the fourth element, the balancing of the court's interests and the plaintiff's right to a fair adjudication on the merits, the Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535-36. As such, the plaintiff's failure to prosecute must be "vexatious and burdensome" on the Court's ability to manage its docket, as opposed to being merely "silent and unobtrusive." *LeSane,* 239 F.3d at 210.

Plaintiff's right to an opportunity to be heard is not taken lightly by this Court. However, this action has been pending for over a year, and there has been no significant progress of any kind for six months. During that time, this Court has issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case. While the Court is less knowledge of what transpired prior to this action being reassigned to the undersigned on September 4, 2007, the parties' ongoing failure to comply with orders of this Court has taken up a grossly disproportionate amount of the Court's time since October, 2007. Plaintiff's duty to prosecute the case diligently "is designed to achieve 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources....' " *Dodson,* 957 F.Supp. at 470 (quoting *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980)). As such, the Court finds that plaintiff's failures have been "vexatious and burdensome" and accordingly, the fourth element weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

**\*5** Finally, the fifth element looks to whether the Court has adequately considered remedies other than dismissal. "It is clear that a district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.' " *Dodson,* 86 F.3d at 39 (citing *Chira,* 634 F.2d at 665). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay...." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.* However, this Court must be guided by the Supreme Court's pronouncement that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633-34.

Although it is without question that plaintiff's failures in this case are solely attributable to his counsel, Mr. Piccone, plaintiff himself was on notice of Mr. Piccone's shortcomings up to and including his failure to appear on January 30, 2008. Nevertheless, as of the April 8, 2008 telephone conference, Mr. Piccone was still the counsel of record in this matter. Plaintiff voluntarily chose Mr. Piccone to represent him in this action. Thus, while dismissal is an unfortunate result for plaintiff, it is not an unjust result. *See Link,* 370 U.S. at 633-34.

As to the consideration of lesser sanctions, this factor clearly weighs in favor of dismissal. As reflected in the record of this case, the Court has given plaintiff numerous opportunities to be heard in relation to his failure to follow court orders. Prior admonishments and warnings have been wholly ineffective. Indeed, the Court previously issued a civil contempt sanction against Mr. Piccone in the amount of $750.00 in order to induce his compliance with future orders. *See Nolan I,* 2008 WL 650387 at *3. As of the date of this Order, that sanction has not been paid. Moreover, as noted above, counsel has not complied with *any* of the directives contained in *Nolan I.* As such, and based on the record in this case, the Court is convinced that lesser sanctions will have no impact on plaintiff's, or his counsel's, conduct or compliance with this court's orders.

As four of the five elements favor dismissal under Rule 41(b), the Court finds that dismissal is appropriate, and this case is accordingly dismissed with prejudice pursuant to Rule 41(b). While the Court is sympathetic to the personal issues encountered by plaintiffs counsel over the past few months, as alluded to by Mr. Piccone during the April 8, 2008 telephone conference, that fact does not alleviate Mr. Piccone's duties to the Court and his client. A simple letter to the Court explaining his plight could have resulted in the extension of deadlines, a short stay of the action, or other relief, including obtaining new counsel for plaintiff. Mr. Piccone has made no showing that he was unable to contact the Court during the time that he was preoccupied with personal matters. The Court recognizes that dismissal of this case with prejudice may have the result of denying plaintiff any relief that he might have obtained on his claims. However, plaintiff is responsible for his choice of counsel, and did not choose at any point, even after being advised of Mr. Piccone's failures, to replace him as counsel. *See Lastra v. Weil, Gotshal & Manges LLP,* No. 03 Civ. 8756(RJH)(RLE), 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005) ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect.")

### III. CONCLUSION

**\*6** For the foregoing reasons, this action is DISMISSED with prejudice pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 1758644, 70 Fed.R.Serv.3d 397

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Rozell v. Berryhill, Not Reported in Fed. Supp. (2019)

2019 WL 1320514

2019 WL 1320514
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Richard ROZELL, Plaintiff,

v.

Nancy A. BERRYHILL, Defendant.

18-CV-969 (AJN) (JLC)

|

Signed March 25, 2019

**Attorneys and Law Firms**

Warren Jeffrey Roth, Bartlett, McDonough, Bastone &
Monaghan, LLP, White Plains, NY, for Plaintiff.

Amanda Frances Parsels, Office of the United States
Attorney, New York, NY, for Defendant.

### REPORT & RECOMMENDATION

JAMES L. COTT, United States Magistrate Judge

**\*1 To the Honorable Alison J. Nathan, United States
District Judge:**

On February 5, 2018, plaintiff, represented by counsel, filed
his complaint against Nancy Berryhill, acting Commissioner
of the Social Security Administration (Dkt. No. 5). On June
11, 2018, the Court issued an order directing plaintiff to
explain why service of the complaint had not been completed
(given that the deadline was May 4, 2018) and why this case
should not be dismissed for failure to prosecute (Dkt. No.
13). On June 28, 2018, plaintiff filed his affidavit of service,
but failed to comply with Rule 4(i) of the Federal Rules of
Civil Procedure as he did not serve the U.S. Attorney's Office
for the Southern District of New York (Dkt. Nos. 17, 19).
On July 25, 2018, plaintiff filed another affidavit of service,
curing this deficiency (Dkt. No. 23). On November 2, 2018,
the Court issued an order directing the government to file the
administrative record (given that the deadline was October 25,
2018) (Dkt. No. 24). On November 9, 2018, the government
filed the administrative record, triggering the date by which
plaintiff's motion for judgment on the pleadings was due to
be filed (Dkt. No. 26).

By the Court's calculation, plaintiff's motion should have been
filed by February 19, 2019 (60 days after the record was filed

plus an additional 37 days to account for the stay due to the
government shutdown). However, plaintiff failed to file any
motion by February 19. Accordingly, on February 21, 2019,
the Court issued an order directing plaintiff to explain by
February 28, 2019 why he had not yet filed his motion papers
and to propose a briefing schedule for further submissions
(Dkt. No. 28). On March 5, 2019, having received nothing
from plaintiff, the Court issued an order to show cause why
this action should not be dismissed for failure to prosecute
(Dkt. No. 29). The Court gave plaintiff until March 12,
2019 to respond, and put plaintiff on notice that a failure to
respond would lead to a recommendation to Judge Nathan that
she dismiss this case for failure to prosecute, as "no lesser
sanction would be effective in these circumstances" (*Id.*). To
date, plaintiff has not filed any response.

"Although not explicitly authorized by Rule 41(b) [of the
Federal Rules of Civil Procedure], a court may dismiss a
complaint for failure to prosecute *sua sponte.*" *Zappin v.
Doyle*, No. 18-1420, 2019 WL 1210296, at \*1 (2d Cir. Mar.
13, 2019). Courts weigh five factors when assessing whether
to dismiss for failure to prosecute:

> (1) the duration of the plaintiff's
> failure to comply with the court
> order, (2) whether plaintiff was on
> notice that failure to comply would
> result in dismissal, (3) whether the
> defendants are likely to be prejudiced
> by further delay in the proceedings, (4)
> a balancing of the court's interest in
> managing its docket with the plaintiff's
> interest in receiving a fair chance to be
> heard, and (5) whether the judge has
> adequately considered a sanction less
> drastic than dismissal. No single factor
> is generally dispositive.

**\*2** *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

These factors favor dismissal of plaintiff's complaint. Plaintiff
has taken no action to prosecute his case beyond filing his
initial complaint in February 2018. *See e.g., Ortega v. Apfel*, 5
F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure
to prosecute when "[t]he record reveal[ed] that, beyond filing
his complaint ..., [plaintiff] took no action to prosecute his
case."). The Court had to remind plaintiff in June 2018 to

2019 WL 1320514

serve the complaint after more than a month had passed after the deadline to do so. Plaintiff then proceeded to do so incorrectly, causing even more delay. His last contact with the Court was on July 25, 2018 when he filed his affidavit of service. The Court, of its own accord not on application by plaintiff, reminded the government of the deadline to file the administrative record in November 2018. Plaintiff's current motion is now more than a month late, and the Court has issued two orders in the intervening time directing him to provide a reason for the delay to no avail. The most recent order specifically warned plaintiff that failure to respond would result in a recommendation of dismissal for failure to prosecute. Furthermore, while the prejudice to defendant and the burden on the Court are currently minimal, plaintiff's delay "lean[s] in the direction of dismissal" even if "only slightly." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).

Finally, dismissal is warranted because no lesser sanction would be effective to move this case forward given plaintiff's inaction. *See, e.g., Edwards v. Janssen Pharm. Inc.*, No. 17-CV-918 (NSR) (LMS), 2018 WL 4658807, at *2 (S.D.N.Y. May 9, 2018) ("no lesser sanction but dismissal" when counseled plaintiff failed to comply with court's schedule), *adopted by,* 2018 WL 2461275 (S.D.N.Y. May 31, 2018). [1] However, dismissal without prejudice "is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-0826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (dismissing without prejudice as a lesser sanction). [2]

[1]   While courts remain "especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant," plaintiff in this case is represented by counsel. *Ambrose v. Mestre*, No. 12-CV-4349 (PAE) (JLC), 2014 WL 2708021, at *2 (S.D.N.Y. June 16, 2014), *adopted by,* 2014 WL 5089438 (S.D.N.Y. Sept. 24, 2014). As such, the total lack of communication and disregard for court orders and procedural requirements is especially stark.

[2]   The Social Security Act, 42 U.S.C. § 405(g), provides a 60-day statutory deadline that Social Security applicants must meet to timely file a civil action in a district court. According to his complaint, plaintiff received notice of his denial

of benefits on December 12, 2017. Dkt. No. 5 ¶ 10. Thus, if plaintiff were to refile his complaint after dismissal without prejudice, he would be beyond the statute of limitations period. However, "[t]hough the 60-day filing requirement is strictly construed, the statute containing the limitations period is 'unusually protective of claimants,' and therefore, equitable tolling is sometimes appropriate." *Hans v. Comm'r of Soc. Sec.*, No. 16-CV-270 (RRM), 2019 WL 1099951, at *3 (E.D.N.Y. Feb. 28, 2019) (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) ). As such, courts in this District have dismissed Social Security cases without prejudice for failure to prosecute even if the statute of limitations period had already passed or would have passed if re-filed. In *Avila v. Comm'r of Soc. Sec.*, for example, the court found plaintiff in a Social Security case had: (1) untimely filed her complaint, (2) made no showing of entitlement to equitable tolling, and (3) failed to diligently prosecute her case, but still dismissed the case without prejudice as a lesser sanction. No. 15-CV-2456 (JGK), 2016 WL 1562944, at *2–3 (S.D.N.Y. Apr. 18, 2016); *see also Aldarondo v. Comm'r of Soc. Sec.,* No. 12-CV-08529 (CM) (DF), 2014 WL 2111701, at *3 (S.D.N.Y. May 20, 2014) (dismissing Social Security case without prejudice to allow "for the possibility that Plaintiff had good cause for failing to prosecute his case at this time.").

Accordingly, though courts often dismiss with prejudice cases in which the statute of limitations would make attempts to re-file futile (*see, e.g., Rudder v. Jimenez*, No. 11-CV-3453 (VSB) (JLC), 2014 WL 1349047, at *6 (S.D.N.Y. Apr. 7, 2014), *adopted by,* 2014 WL 2855012 (S.D.N.Y. June 23, 2014) ), the Court is mindful that plaintiff may be able to provide adequate reasons for equitable tolling should he choose to re-file his complaint. For example, plaintiff in this case is represented by counsel who has either deliberately ignored court orders or has otherwise inadvertently allowed this case to lapse. *See Torres v. Barnhart,* 417 F.3d 276, 279 (2d Cir. 2005) (district court erred in not granting evidentiary hearing on equitable tolling as plaintiff "had every reason to believe that [his counsel] was sensitive to the timing issue and would timely file the complaint," and counsel did not do so).

Rozell v. Berryhill, Not Reported in Fed. Supp. (2019)

2019 WL 1320514

**\*3** For these reasons, the Court recommends dismissing this case without prejudice for failure to prosecute.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Alison J. Nathan and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New

York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1320514

---

End of Document

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 6:21-cv-01190-TWD   Document 17   Filed 07/18/22   Page 24 of 36

Lomack v. Commissioner of Social Security, Not Reported in Fed. Supp. (2019)

2019 WL 132741

2019 WL 132741
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

Melissa LOMACK, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

Case # 18-CV-6083-FPG
|
Signed 01/08/2019

**Attorneys and Law Firms**

Melissa Lomack, Rochester, NY, pro se.

Dennis J. Canning, Francis D. Tankard, Jeremiah D. Hayes, Office of the General Counsel Social Security Administration, Kansas City, MO, Jason Parkerson Peck, Social Security Administration Office of General Counsel, New York, NY, Kathryn L. Smith, U.S. Attorney's Office, Rochester, NY, for Defendant.

DISMISSAL ORDER

HON. FRANK P. GERACI, JR., Chief Judge

### INTRODUCTION

**\*1**   On January 29, 2018, *pro se* Plaintiff Melissa Lomack filed a Complaint against the Commissioner of Social Security and an *in forma pauperis* motion. ECF Nos. 1, 2. On January 31, 2018, the Court granted Plaintiff's motion and directed the United States Marshal to serve the summons and Complaint upon the Commissioner. ECF No. 3. The United States Marshal performed service accordingly and, on May 14, 2018, the Commissioner filed the transcript. ECF Nos. 5, 7, 8.

Pursuant to Local Rule of Civil Procedure 5.5, dispositive motions from both parties were due by July 13, 2018, *i.e.*, within 60 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(c).[1] On July 10, 2018, the Commissioner requested more time to file a dispositive motion. The Court granted that request and extended the time for both parties to file a dispositive motion to August 13, 2018. ECF No. 12. The Court sent Plaintiff a copy of its Text Order extending the deadline. *Id.*

[1]   The Clerk's Office gave Plaintiff *pro se* assistance information and a copy of Local Rule 5.5 when she filed this case.

In compliance with this extension of time, the Commissioner moved for judgment on the pleadings on August 13, 2018. ECF No. 14. On November 26, 2018, more than three months beyond the dispositive motion deadline, Plaintiff had not filed anything or otherwise communicated with the Court. Accordingly, pursuant to Local Rule of Civil Procedure 41(b), the Court ordered Plaintiff to show cause in writing by December 28, 2018 why this case should not be dismissed for failure to adhere to the dispositive motion deadline. ECF No. 15; *see* Loc. R. Civ. P. 41(b) (indicating that if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause why the case should not be dismissed). Plaintiff still has not communicated with the Court. Consequently, this case is DISMISSED WITH PREJUDICE.

### DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

2019 WL 132741

**\*2**  As to the duration of Plaintiff's failure to comply with the Court's Orders, her dispositive motion was initially due by July 13, 2018—five months ago—and Plaintiff was aware of this deadline because she received a copy of Local Rule 5.5, which sets forth this briefing schedule, when she filed her case. Nonetheless, she did not file a motion. The Court then extended the dispositive motion deadline to August 13, 2018 and notified Plaintiff of the extension and sent her another copy of Local Rule 5.5. ECF No. 12. Again, Plaintiff did not file anything. Then, more than three months later, the Court gave Plaintiff another 30 days to show cause as to why she had not filed a dispositive motion. ECF No. 15.

Plaintiff had notice that her failure to comply would result in the dismissal of this case because the Order to Show Cause explicitly warned her that if she did not respond, her case would be dismissed with prejudice. *Id.* The Court's Local Rules also warn that a *pro se* litigant's failure to comply with the Federal and Local Rules of Civil Procedure "may result in the dismissal of the case, with prejudice." Loc. R. Civ. P. 5.2(i).

The Court also finds Plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.

Similarly, although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context; there are nearly 1,500 Social Security appeals currently pending in this District. This case is almost one year old, yet it is not fully briefed or ready for the Court to rule on its merits.

The Court has given Plaintiff opportunities to be heard and pursue her Social Security appeal, but she has refused to prosecute this action and respond to the Court's Orders. Accordingly, the Court finds that dismissal is appropriate as no lesser sanction would compel Plaintiff to prosecute this case.

### CONCLUSION

Because Plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 132741

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Mannan v. Social Security Administration, Not Reported in Fed. Supp. (2020)

2020 WL 2329282

2020 WL 2329282
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Hashan M. MANNAN, Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, Defendant.

17-CV-6800 (KAM)
|
Signed 05/11/2020

**Attorneys and Law Firms**

Hashan M. Mannan, Brooklyn, NY, pro se.

Arthur Swerdloff, United States Attorneys Office, Brooklyn, NY, Social Security Administration, for Defendant.

**ORDER**

Kiyo A. Matsumoto, United States District Judge:

 **\*1** On November 16, 2017, Hashan M. Mannan ("Plaintiff") filed this *pro se* social security appeal against the Social Security Administration ("Defendant"). (ECF No. 1, Complaint.) The Court granted Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) by Order dated April 26, 2018. Since then, Plaintiff has taken no further action. Plaintiff's case is therefore dismissed, without prejudice, for failure to prosecute and comply with Court orders.

Pursuant to a Court Order dated July 26, 2018, on August 23, 2018, Defendant served its motion for judgment on the pleadings on Plaintiff. (ECF No. 9, Service Letter.) Pursuant to the briefing schedule set by the Court, Plaintiff was to serve his opposition or cross-motion for judgment on the pleadings within sixty (60) days of receiving Defendant's motion, which would have been no later than October 23, 2018. (*See* ECF No. 4, Scheduling Order.) Plaintiff did not file, or request an extension of time to file, his opposition or cross-motion for judgment on the pleadings. (*See* ECF No. 13, Letter from Defendant.)

On May 30, 2019, the Court entered an order directing the parties to file a joint status letter informing the Court whether Plaintiff wished to proceed with the action by June 7, 2019. (ECF Dkt. Order, May 30, 2019.) On June 10,

2019, Defendant filed a letter in response to the Court's order. (ECF No. 11, Status Letter.) Defendant represented that it "attempted to contact *pro se* plaintiff by telephone ..., however, there was no answer, and after approximately 10 rings, the call dropped without the opportunity to leave a voice mail message." (*Id.*)

By Order dated March 10, 2020, the Court requested that Defendant inform the Court whether Plaintiff had responded to the motion for judgment on the pleadings. By letter dated March 12, 2020, Defendant stated that Plaintiff had not served a response (ECF No. 13), and the docket reflects that Plaintiff neither filed a motion nor opposed Defendant's motion. On March 20, 2020, the court issued an Order to Show Cause directing Plaintiff to respond by April 20, 2020. (ECF No. 15, Order to Show Cause.) The Clerk of Court served the Order on Plaintiff by mail at his last known address. The Order stated that if Plaintiff "fails to show cause, or file an opposition or cross-motion [by April 20, 2020], this action will be dismissed, without prejudice." (*Id.* at 6.) The Court has not received a response from Plaintiff.

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte.*" *Zappin v. Doyle,* 756 F. App'x 110, 111-12 (2d Cir. 2019). A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

 **\*2** *Id.* at 112. The factors here favor dismissal of Plaintiff's complaint.

Mannan v. Social Security Administration, Not Reported in Fed. Supp. (2020)

2020 WL 2329282

*First*, Plaintiff has taken no action to prosecute his case beyond filing his complaint in November 2017, over two years ago, and he has not respondent to Defendant's motion for judgment on the pleadings, which was served in August 2018. *See, e.g., Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure to prosecute when "[t]he record reveal[ed] that, beyond filing his complaint ..., [plaintiff] took no action to prosecute his case").

*Second*, the Court's March 20, 2020 Order to Show Cause why this action should not be dismissed put Plaintiff on notice that the Court would dismiss this action for failure to prosecute unless Plaintiff responded, filed a cross-motion, or otherwise opposed Defendant's motion.

*Third*, "while the prejudice to defendant and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.' " *Rozell v. Berryhill*, 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)); *see also Lomack v. Comm'r of Soc. Sec.*, 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019) ("The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals."). Moreover, Plaintiff has failed repeatedly to respond to Court orders or otherwise indicate that he intends to prosecute his case.

*Fourth*, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context." *Lomack*, 2019 WL 132741, at *2. This action is over two years old and Plaintiff has yet to participate in the Court-ordered briefing, or comply with any Court orders. Defendant has moved for judgment on the pleadings, and the motion is ready for the Court's ruling, albeit without Plaintiff's response.

*Finally*, no lesser sanction will be effective in moving this action forward. "Given [P]laintiff's *in forma pauperis* status, '[m]onetary sanctions cannot be relied on because the plaintiff is indigent.' " *Zuzick v. Comm'r of Soc. Sec.*, 2019 WL 5086689, at *2 (D. Conn. Oct. 10, 2019) (quoting *Bhatia v. Pitney Bowes, Inc.*, 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006)).

Accordingly, the case is hereby DISMISSED for failure to prosecute and comply with Court orders. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 2329282

---

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 3403108
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Yvette IDLET, Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant.

18-cv-05183(KAM)
|
Signed 06/19/2020

**Attorneys and Law Firms**

Yvette M. Idlet, Brooklyn, NY, pro se.

Arthur Swerdloff, Gail A. Matthews, United States Attorneys Office, Brooklyn, NY, Social Security Administration, for Defendant.

**MEMORANDUM AND ORDER**

MATSUMOTO, United States District Judge:

**\*1**  Pursuant to 42 U.S.C. § 405(g), Yvette Idlet ("plaintiff") commenced this action *pro se* on September 5, 2018, to appeal the final decision of the Commissioner of Social Security ("defendant"), which found that plaintiff was not eligible for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act ("the Act"), on the basis that plaintiff was not disabled within the meaning of the Act. Plaintiff alleges that she is disabled under the Act and is thus entitled to receive the aforementioned benefits.

Presently before the court is plaintiff's complaint (ECF No. 1, Complaint Against Commissioner of Social Security ("Complaint")), defendant's unopposed motion to dismiss (ECF No. 23, Notice of Motion to Dismiss) and defendant's Memorandum of Law. (ECF No. 26, Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Mem.").) For the reasons stated below, defendant's motion to dismiss is GRANTED and the action is hereby dismissed.

**PROCEDURAL HISTORY**

The onset of plaintiff's disability allegedly began in her childhood, and plaintiff claims that she was disabled due to bipolar disorder. (ECF No. 1, Complaint at 1.) Additionally, plaintiff alleges that she is disabled due to arthritis in her left knee; in plaintiff's handwritten form Complaint, the onset date of her arthritis is unclear. (*Id.*) According to the Complaint, the Bureau of Disability Insurance of the Social Security Administration disallowed plaintiff's application on the ground that "plaintiff failed to establish a period of disability and/or ... plaintiff did not have an impairment or combination of impairments of the severity prescribed" under the Act. (*Id.* at 1-2.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and, on January 4, 2017, plaintiff appeared and testified before an ALJ. (*Id.*) By a decision dated May 3, 2017, the ALJ determined that plaintiff was not disabled within the meaning of the Act and was thereby not entitled to benefits. [1] (*Id.* at 4.)

[1]
> Plaintiff's Complaint states that her disability application was denied on April 28, 2017, (Compl. at 2), whereas the Notice of Appeals Council Action letter states that the ALJ's decision is dated May 3, 2017. ECF No. 24-1, pp. 8-17, comprises the ALJ's decision, which confirms the correct date is May 3, 2017, though the correction is immaterial here.

Plaintiff appealed the ALJ's decision to the Appeals Council. (*Id.*) On April 16, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby rendering the ALJ decision the final decision in the case. (*Id.*) On September 5, 2018, plaintiff filed the instant action and her motion for leave to proceed *in forma pauperis* in federal court. (ECF Nos. 1 and 2.) On September 4, 2018, the court granted plaintiff's motion to proceed *in forma pauperis* and issued a scheduling order for the case. (ECF No. 4, Order.) On December 4, 2018, the Commissioner filed a request for a pre-motion conference, in accordance with the court's individual practices, and in anticipation of filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the action was not timely filed. (ECF No. 7, Motion for Pre Motion Conference.) On December 4, 2018, the court granted defendant's pre-motion conference request. (Dkt. Order dated 2/4/2018.)

**\*2**  On December 17, 2018, the parties appeared for a telephonic pre-motion conference, at which plaintiff appeared *pro se.* Plaintiff stated that she was seeking representation in this action. The court set a briefing schedule for defendant's

Case 6:21-cv-01190-TWD Document 17 Filed 07/18/22 Page 29 of 36

motion to dismiss, whereby all moving papers would be fully briefed and uploaded to ECF by May 7, 2019. (Minute Entry & Order dated 12/17/2018.) On February 15, 2019, the court granted the Commissioner's request for an extension of the briefing schedule, to May 27, 2019. (Dkt. Order dated 2/15/2019.) On March 5, 2019, the Commissioner timely served plaintiff with defendant's notice of motion, memorandum of law in support of defendant's motion to dismiss, and other moving papers. (ECF No. 15, Letter.)

Without requesting or obtaining an extension of time to serve her opposition to the Commissioner's motion, plaintiff failed to serve her opposition in accordance with the court's briefing schedule. (ECF No. 16, Letter Motion for Leave to File Document.) Accordingly, on June 20, 2019, defendant requested that the court allow the Commissioner to file his motion as fully briefed, or issue an order directing plaintiff to respond to defendant's motion by a date certain. (*Id.*) Defendant attached a letter dated April 8, 2019 from plaintiff, in which she noted that "the lawyer that I asked to represent me, cannot represent me in my case, so I would like to move forward and pursue this matter with my case on my own." (ECF No. 16-1.)

On June 28, 2019, the court denied without prejudice the Commissioner's motion for leave to file its motion at that time and, instead, granted plaintiff an additional month to serve her opposition on the government, *i.e.* until July 29, 2019. (Dkt. Order dated 6/28/2019.) On June 28, 2019, defendant mailed plaintiff the court's June 28, 2019 docket order, extending for one month plaintiff's time to oppose defendant's motion to dismiss. (ECF No. 17, Certificate of Service.) On August 29, 2019, the Commissioner filed its second motion for leave to file its motion to dismiss as fully briefed due to plaintiff's continuing failure to serve her opposition upon defendant. (ECF No. 18, Letter Motion for Leave to File Document.) In its September 3, 2019 order, the court noted that "plaintiff has failed to comply with the court's February 15, 2019 and June 28, 2019 orders." (Dkt. Order dated 9/3/2019.) The court granted plaintiff until September 30, 2019 to respond to the government's motion, and "advised [plaintiff] that this is her last opportunity to oppose the government's motion." (*Id.*) Further, the court cautioned plaintiff "that the court may dismiss the case for failure to prosecute or comply with court orders pursuant to Federal Rule of Civil Procedure 41 or deem the government's motion unopposed if she does not serve an opposition on the government." (*Id.*) On October 4, 2019, *i.e.* five months after the initial deadline set by the court, the Commissioner informed the court that plaintiff again had

failed to serve her opposition papers upon the government, and renewed its request to file the defense motion as fully briefed or, alternatively, requested that the court issue an order dismissing the case for plaintiff's failure to prosecute. (ECF No. 21, Letter.) On October 8, 2019, the court granted the Commissioner's motion for leave to file its motion to dismiss as unopposed. (Dkt. Order dated 10/8/2019.)

On October 9, 2019, the Commissioner filed its motion papers with the court. (ECF Nos 23 and 24.) Due to an error, defendant uploaded the incorrect brief to ECF, and on February 27, 2020, defendant uploaded the correct brief. [2] (ECF No. 26, Def. Mem.) As the court stated in its October 8, 2019 order granting the Commissioner leave to file its motion, plaintiff has been afforded significant latitude due to her *pro se* status; at this juncture, the court considers the present motion to be fully submitted.

[2]     On October 9, 2019, the government inadvertently filed with the court an incorrect brief, pertaining to another social security appeal. (*See* ECF No. 24, Brief; Dkt. Order dated 2/26/2020.) After the court ordered defendant to file the correct document, the government uploaded the correct brief on February 27, 2020. (ECF No. 26, Brief.)

**LEGAL STANDARD**

**a.** 42 U.S.C. § 405(g)

**\*3**  As set forth in the Notice of Appeals Council Action letter ("Notice"), which plaintiff included as part of the Complaint, unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits within 60 days of receipt of the Notice; further, the Appeals Council "assume[s] [claimant] received this letter 5 days after the date on it" unless plaintiff shows that she did not receive it within the five-day period. (*Id.* at 4-5); *see also Randolph v. Comm'r,* 699 F. App'x 36, 37 (2d Cir. 2017) (summary order) (date of receipt by individual of Appeals Council's notice of denial of a request for review is presumed to be 5 days absent a reasonable showing to the contrary).

Title 42 U.S.C. § 405(g) also provides:

Any individual, after any final decision of the Commissioner of Social

> Security made after a hearing to which
> he was a party, irrespective of the
> amount in controversy, may obtain a
> review of such decision by a civil
> action within sixty days after the
> mailing to him of notice of such
> decision or within such further time as
> the Commissioner of Social Security
> may allow.

As the United States Supreme Court has held, Section 405(g)'s "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *see also Sindrewicz v. Chater*, No. 96-CV-139A(H), 1997 WL 1666564 at *1-2 (W.D.N.Y. Jan. 7, 1997). Further, the 60-day limit is a "condition on the waiver of sovereign immunity and thus must be strictly construed," absent a showing that equitable tolling is warranted. *Bowen*, 476 U.S. at 479-80. The 60-day statute of limitations period provided by Congress in § 205(g) of the Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481; *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988). The Supreme Court has noted that "an interpretation [of § 205(g) ] that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose ... to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Additionally, Section 205(g), codified at 42 U.S.C. § 405(g), provides a plaintiff's exclusive remedy. As set forth in Title 42 U.S.C. § 405(h), "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

### b. Statute of Limitations Defense Is Properly Raised by Rule 12(b)(6) Motion

When a complaint is time-barred, it is properly dismissed under Rule 12(b)(6). *See Pressley v.* Astrue, No. 12-cv-8461, 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013). A motion to dismiss on statute of limitations grounds "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." *Courtney v. Colvin*, No. 13-CV-2884 (AJN)(JLC), 2013 WL 5652476, at *2 (S.D.N.Y.

Oct 17, 2013). "The reason that Rule 12(b)(6) provides 'the most appropriate legal basis' for such a motion is 'because expiration of the statute of limitations presents an affirmative defense.' " *Id.* (quoting *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006)).

In deciding the Rule 12(b)(6) motion, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Comm'cns, Inc. v Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007)). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm'cns, Inc.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007)).

### c. Failure to Prosecute and Comply with Court Orders under Rule 41(b)

**\*4** Although not explicitly authorized by Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), the Second Circuit recognizes the district court's "inherent power" to dismiss a complaint for failure to prosecute *sua sponte. Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (citing *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). Similarly, a court has authority to dismiss an action for failure to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); *Lamont v. Edwards*, 690 F. App'x 61, 62 (2d Cir. 2017) (by summary order). Dismissals pursuant to Rule 41(b) are *with prejudice*, unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

Under the relevant test, the district court weighs five factors when assessing whether to dismiss for failure to comply with court orders: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Zappin*, 756 F. App'x at 112. No single factor is generally

dispositive. *Nita v. Connecticut Dep't of Env'tl Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

## DISCUSSION

### a. Plaintiff's Complaint Is Untimely

Plaintiff seeks review of the ALJ's final decision denying her disability insurance benefits and supplemental security income pursuant to the exclusive avenue provided in section 205(g) of the Act, codified at 42 U.S.C. § 405(g). Plaintiff's complaint, however, was untimely filed. As noted previously, the 60-day limitations period begins to run five days after the date set forth in the Appeals Council notice. 20 C.F.R. §§ 416.1401, 422.210(c). Here, the Notice is dated April 16, 2018. (ECF No. 1, Complaint.) Accordingly, the deadline for plaintiff to have commenced a civil action in this court was June 20, 2018.[3] Without proffering any reasons why her complaint should be considered timely, plaintiff did not commence this action until September 5, 2018, 77 days after the statute of limitations had passed. (*Id.*)

[3]    60 days after April 16, 2016, plus five days for mailing.

Many courts in this circuit have dismissed social security appeals where plaintiff filed the action after the statute of limitations had passed, including after shorter delays than the delay that occurred here. *See, e.g., Colvin*, 2013 WL 5652476, at *3 (*pro se* plaintiff filed a complaint seven days late); *Pressley v. Astrue*, No. 12-CV-8461 (NSR) (PED), 2013 WL 3974094, at *5 (S.D.N.Y. Aug. 2, 2013) (dismissing complaint that was filed five days late); *Rodriguez ex rel. JJT v. Astrue*, No. 10-CV-9644 (PAC) (JLC), 2012 WL 292382, at *1 (S.D.N.Y. Jan. 31, 2012) (dismissing *pro se* complaint pursuant to Rule 12(b)(6) motion where plaintiff filed the complaint 81 days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-CV-1547 (NGG), 2010 WL 5441669 at *1 (E.D.N.Y. Dec. 23, 2010) (dismissing *pro se* complaint where plaintiff filed the complaint four days late); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (dismissing *pro se* complaint where plaintiff filed the complaint nine days late). Consequently, absent equitable tolling, plaintiff's complaint must be dismissed as barred by the statute of limitations as set forth in 42 U.S.C. § 405(g).

### b. Equitable Tolling Does Not Apply to The Complaint

**\*5** "[W]here a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way,' " a court may permit equitable tolling and, thus, deem filings timely. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is only appropriate "in rare and exceptional circumstances ... in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations and quotation marks omitted); *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991) (equitably tolling the 60-day period because plaintiff had averred that her mental impairment caused incapacity during that period).

Here, plaintiff has not averred that the 60-day period should be equitably tolled due to, for example, a mental impairment resulting in incapacity, or any other rare and exceptional circumstances. Plaintiff has not provided any explanation for filing an untimely complaint, nor did she ask the Appeals Council or this court for an extension to file. Additionally, plaintiff has failed to comply with the court's scheduling orders and extensions, and failed to respond and file an opposition to defendant's motion, despite being granted several opportunities to do so. Therefore, the court finds that equitable tolling is not appropriate.

### c. Failure to Prosecute and Comply with Court Orders

The court also finds that the action is properly dismissed due to plaintiff's ongoing failure to prosecute and comply with court orders.

As noted above, plaintiff failed to serve her opposition on the government by May 6, 2019, in accordance with the court's briefing schedule. (Dkt. Order dated 2/15/2019.) Nonetheless, the court granted plaintiff an additional month to serve her opposition on the government. (Dkt. Order dated 6/28/2019.) On August 29, 2019, the court learned by way of the government's letter, that plaintiff had again failed to serve her opposition upon defendant. (ECF No. 18.) By order dated September 3, 2019, the court noted that "plaintiff has failed to comply with the court's February 15, 2019 and June 28, 2019 orders." (Dkt. Order dated 9/3/2019.) The court granted plaintiff approximately one more month to respond to the government's motion, and further "advised [plaintiff] that this is her last opportunity to oppose the government's motion." (*Id.*) The court also cautioned plaintiff that "the court may dismiss the case for failure to prosecute or comply with court orders pursuant to

Federal Rule of Civil Procedure 41 ...." (*Id.*) Despite plaintiff's receiving a clear warning and a third extension of her time to respond to the government's motion, the court once again learned, on October 4, 2019, that plaintiff had failed to serve her opposition upon the government. (ECF No. 21.) Further compounding plaintiff's continued failure to comply with the court's orders, plaintiff has neither requested an extension of time to file her opposition nor submitted any correspondence to the court.

The court applies the five-factor test set forth in *Zappin* to the facts of this case and finds that, on balance, the case is properly dismissed for plaintiff's failure to prosecute and respond to court orders. *Zappin*, 756 F. App'x at 112. *First*, the duration of plaintiff's failure to comply with the court's orders and failure to prosecute has been significant and weighs in favor of dismissal. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (delays of a matter of months or years may warrant dismissal).

 *6 Since the court set a briefing schedule on February 15, 2019, plaintiff has failed to abide by the filing deadlines. Well over a year has elapsed since plaintiff's last correspondence with the court. Moreover, during that period, plaintiff failed to request enlargements of the time to file her opposition or explain why she was in violation of the court's orders. Even after the court cautioned plaintiff that the case might be dismissed for plaintiff's failure to prosecute or comply with court orders, plaintiff remained conspicuously dormant in the litigation. Plaintiff's inaction, since at least February 15, 2019, has left the court with no choice but to reasonably conclude that plaintiff has abandoned any efforts to prosecute the action. Thus, the first factor weighs in favor of dismissal pursuant to Rule 41(b).

*Second*, as noted above, plaintiff was on notice that failure to comply with the court's orders and failure to prosecute would likely result in dismissal. Thus, the second factor also weighs in favor of dismissal.

*Third*, though "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp.*, 682 F.2d at 43, the government has not alleged prejudice to Commissioner should further delays ensue. Thus, this factor does not weigh in favor of dismissal.

*Fourth*, plaintiff's delay has not impacted the trial calendar, but has unnecessarily burdened the court's work, by requiring the court to continually monitor the docket and order plaintiff to prosecute the case. The fourth factor thus weighs in favor of dismissal.

*Fifth*, the court has considered imposing a lesser sanction or granting plaintiff a further extension, but rejects those options because the court has already provided plaintiff ample time and opportunities to oppose the government's motion, and plaintiff has not availed herself of those opportunities. Further, plaintiff has received, and apparently disregarded, the court's warning regarding her failure to prosecute. Moreover, under the *in forma pauperis* statute, the court "shall dismiss the case at any time if the court determines that ... the action of appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court finds that the court's review of the ALJ's final decision is time-barred under 42 U.S.C. § 405(g) of the Act, and the action is not subject to equitable tolling, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, no lesser sanction than dismissal of this action, which was brought *in forma pauperis*, is appropriate in this case.

For the aforementioned reasons, the court finds that the five-factor test strongly weighs in favor of dismissal pursuant to Rule 41(b) and, thus, the court also dismisses the action on this ground.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss the complaint as untimely pursuant to Rule 12(b)(6). The court also dismisses this action pursuant to Rule 41(b) due to plaintiff's failure to prosecute and failure to comply with court orders. The court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment for the defendant and close this case. Defendant is respectfully directed to mail a copy of this Memorandum and Order and the judgment to the *pro se* plaintiff and note service on the docket within three (3) business days of this Memorandum and Order.

**SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 3403108

**Idlet v. Commissioner of Social Security, Slip Copy (2020)**

2020 WL 3403108

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

---

2000 WL 307367
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Constance SMITH, Plaintiff,

v.

HUMAN RESOURCES ADMINISTRATION OF
NEW YORK CITY; Daryl George, Provisional
Supervisor I, Human Resources Administration,
Child Welfare Agency, Division of Adoption and
Foster Care; Robert Martin, Brooklyn Acting
Borough Director, Human Resources Administration,
Child Welfare Agency, Division of Adoption and
Foster Care; Joseph Generett, Director Recruitment,
Selection and Placement Division HRA Doss Office
of Personnel Administration; Michael Schady,
Director, ASA, Personnel Management, Defendants.

No. 91 CIV. 2295(MGC).
|
March 24, 2000.

**Attorneys and Law Firms**

Michael D. Hess, Corporation Counsel of the City of New
York, New York, By K. Lesli Ligorner, Esq., Assistant
Corporation Counsel, for Defendants.

OPINION

CEDARBAUM, J.

 **\*1** In 1991, plaintiff Constance Smith brought suit against
defendants alleging that defendants had discriminated against
her on the basis of her race, age, and region of origin, the
Bronx, New York. Plaintiff amended her complaint in 1994 to
allege that defendants retaliated against her by not hiring her
after she was terminated in 1992. As set forth below, plaintiff
has failed to appear for depositions, pre-trial conferences,
and the final pre-trial conference. Defendants have moved
to dismiss the complaint for failure to prosecute pursuant to
Fed.R.Civ.P. 41(b). For the following reasons, the motion is
granted.

THE FACTS

Over the course of the past nine years, plaintiff has failed to
make several required appearances in this case. On October
15, 1993, plaintiff failed to appear for her deposition. On
October 30, 1995, plaintiff again failed to appear to be
deposed.

More recently, plaintiff has failed to appear for pre-trial
conferences. She failed to appear at a conference scheduled
for January 8, 1999. She called on the day of the conference
to inform the court that she would not appear because the
cold weather aggravated her poor health. Plaintiff failed to
appear at the rescheduled conference on June 25, 1999, again
calling on the day of the conference to inform the court that
she would not appear because the hot weather aggravated her
poor health.

Plaintiff was directed to appear at the final pre-trial
conference in this case by court order dated March 9, 2000.
The order, sent to her by both certified and regular mail,
explained the importance of the final pre-trial conference to
the continuation of plaintiff's case. The order reads as follows:

> Plaintiff has failed to appear at either
> of the pre-trial conferences that she
> was directed to attend in 1999. A final
> pre-trial conference is now scheduled
> for March 23, 2000 at 3:30 p.m.
> in Courtroom 14–A of the United
> States Courthouse, 500 Pearl Street,
> New York, New York, 10007. The
> parties are directed to appear at that
> time. If plaintiff again fails to appear
> at this final pre-trial conference, this
> action will be dismissed for failure to
> prosecute.

(Order dated March 9, 2000.)

Plaintiff called on the morning of the conference to inform
the court that she had been admitted to the hospital through
the emergency room because of high blood pressure and
dizziness. She told the court that she did not know when
she would be released. Two hours before the conference was
scheduled to begin, plaintiff again called to advise the court
that although she had been released from the hospital, she
would not attend the conference because of "traffic." Every
time plaintiff has called to advise the court that she is not

attending that day's conference, she has not herself notified counsel for the defendants that she would not appear, and has telephoned the court so close to the time of the conference that it was too late for the court to do so. On each such occasion, defendants' counsel has made a fruitless appearance.

**\*2** Plaintiff has also not responded to defendants' motions in this case. She never responded to defendants' April 12, 1996 letter motion to dismiss her 42 U.S.C. § 1981 claim and to preclude plaintiff from introducing particular evidence at trial. Plaintiff's only response to this motion to dismiss for failure to prosecute was a letter dated August 23, 1999 in which she apologized for missing the June 25, 1999 conference and asked the court not to dismiss her case because due to a heart condition she is unable to attend court proceedings when the weather is either too hot or too cold.

DISCUSSION

Fed.R.Civ.P. 41(b) provides, in pertinent part, "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against the defendant." It is the plaintiff's duty to "process [her] case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). This duty of diligence is imposed upon the plaintiff because of the strong policy in favor of the efficient disposition of cases. *Id.* Over the past nine years, plaintiff has repeatedly failed to perform her duty to move this case forward.

Several factors must be considered in determining the propriety of dismissing an action for failure to prosecute. These factors include "the duration of plaintiff's failures," "whether plaintiff ha[s] received notice that further delays would result in dismissal," and "whether defendant[s][are] likely to be prejudiced by further delay." *Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993) (quoting *Romandette v. Weetabix Co.,* 807 F.2d 309, 312 (2d Cir.1986)). The court must also balance "the need to alleviate court calendar congestion and [plaintiff's] right to due process." *Id.* Finally, the court must "assess[ ] the efficacy of lesser sanctions." *Id.*

All of these factors weigh in favor of dismissing this action for failure to prosecute. First, plaintiff's delay in pursuing this action has been lengthy. Plaintiff has taken no action to prosecute this case since attending a pre-trial conference four years ago. Much shorter delays have been held to warrant dismissal for failure to prosecute. *See Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–67 (2d Cir.1980) (6 months

of inactivity); *West v. City of New York,* 130 F.R.D. 522, 525 (S.D.N.Y.1990) (19 months of inactivity).

Second, plaintiff was warned that her failure to appear on March 23, 2000 would result in the dismissal of her case. (Order dated March 9, 2000.) Nevertheless, plaintiff did not appear on March 23, 2000. This motion to dismiss for failure to prosecute also provided plaintiff with notice that any further delay would result in the dismissal of her case. *See, e.g., Stoenescu v. Jablonsky,* 162 F.R.D. 268, 271 (S.D.N.Y.1995). Plaintiff's only response to this motion was a letter dated August 23, 1999, almost two weeks after the August 6, 1999 deadline for her response and only after a letter from the defendants requested that the motion be considered unopposed. That response restated plaintiff's excuse for missing the June 25, 1999 conference, the hot weather, and asked that the case not be dismissed in light of plaintiff's health problems.

**\*3** Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre,* 682 F.2d at 43. Plaintiff has delayed the prosecution of this case for at least four years. This substantial delay is evidence of prejudice to the defendants. *Lukensow v. Harley Cars of New York,* 124 F.R.D. 64, 67 (S.D.N.Y.1989) (holding that a two year delay in prosecution was evidence of prejudice).

Fourth, granting this motion does not violate plaintiff's due process rights when the case is dismissed in part to ensure the efficient administration of justice. Dismissal does not deprive the plaintiff of her right to a fair opportunity to be heard. She has had nine years to prosecute her claim and avoid this result. *See Lukensow,* 124 F.R.D. at 67 (holding that there could be no claim that plaintiffs' due process rights were denied by dismissal following a complete lack of activity for two years).

In fairness to other litigants in this district who seek access to the court, the calendar must be free from unnecessary congestion. As the Second Circuit has explained, "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre,* 682 F.2d at 42. Plaintiff's repeated last minute cancellations of scheduled appearances have wasted the time of counsel for defendants and the court.

Finally, lesser sanctions are not appropriate in this case. Court orders and direction have not prompted plaintiff to move her case forward. Plaintiff was ordered by Magistrate Judge Peck

Smith v. Human Resources Admin. of New York City, Not Reported in F.Supp.2d (2000)

2000 WL 307367

to attend a deposition in October of 1995 which she did not attend. She was informed by letter that this court directed her to appear for a conference in January of 1999 and again in June of 1999. Plaintiff did not appear at either conference. Finally, she was ordered to appear on March 23, 2000 or have her claims dismissed. Plaintiff did not appear. Moreover, plaintiff is proceeding *in forma pauperis,* rendering monetary sanctions inappropriate.

While I am not unsympathetic to plaintiff's health problems, there comes a time when fairness to the defendants requires that the action move forward. Plaintiff's history of missed appearances, the lengthy period of inactivity in this case, and her failure to respond to two defense motions warrant dismissal for failure to prosecute. Plaintiff seems to have lost interest in pursuing this case. When given a clear last chance

to attend the March 23, 2000 conference and continue this action, plaintiff did not take advantage of the opportunity.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss this case for failure to prosecute is granted. This action is dismissed with prejudice.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2000 WL 307367

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.